IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3052-FL

| | | |
|---|---|---|
| BASHIRI A. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA; ERIC | ) | |
| D. GOULIAN; AND JOHN K. WILES, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915.  Also before the court are plaintiff's ex parte motion to appoint the marshal to serve summons and complaint (DE # 8) and motion for leave to file a third-party complaint (DE # 9), which this court construes as a motion to amend his complaint.

Plaintiff's motion to amend is ALLOWED as a matter of course.  <u>See</u> Fed.R.Civ.P. 15(a). Accordingly, the court conducts a frivolity review of plaintiff's complaint and amended pleading. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be found frivolous because of either legal or factual deficiencies.  First, a complaint is frivolous where "it lacks an arguable basis . . . in law."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not

exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under

this standard, complaints may be dismissed for failure to state a claim cognizable in law, although

frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks

an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Assistant United States Attorney Eric D. Goulian

("Goulian") and federal public defender John K. Wiles ("Wiles") alleging that they conspired to

breach his plea agreement. Plaintiff seeks both declaratory judgment and injunctive relief. Plaintiff

also seeks permission to pursue post-conviction relief pursuant to 28 U.S.C. § 2255 on the grounds

of ineffective assistance of counsel and prosecutorial misconduct.

The court first considers plaintiff's claim against his attorney, Wiles. The party charged with

a constitutional deprivation must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th

Cir. 1999). Defense attorneys do not act under color of state law and, therefore, are not amendable

to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976),

appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as

public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff fails to allege facts

to establish that Wiles, his attorney in his criminal action, is a state actor. Thus, plaintiff failed to

state a claim upon which relief may be granted against Wiles.

The court next considers plaintiff's claim that Goulian breached his plea agreement because

Goulian "concealed facts which led [him] to enter his plea of guilty under the mistaken impression

2

of a material fact." Compl. p. 5. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (stating that a prosecutor has for performing functions "intimately associated with the judicial phase of the criminal process."); Blackston v. Vogrin, 404 F. App'x 718, *1 (4th Cir. Dec. 6, 2010) ("A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions as an advocate for the state.") Plaintiff's allegations against Goulian arise out of his prosecutorial duties, for which a prosecutor has immunity. See Laureano v. Jones, No. 1:11-779-TMC-SVH, 2011 WL 5282601, at *2 (D.S.C. Nov. 2, 2011) (finding prosecutorial immunity where plaintiff sought to sue prosecutor for "prosecutorial misconduct and for conspiracy to coerce him to enter a plea"), aff'd, 467 F. App'x 233 (4th Cir. Feb. 23, 2012); Story v. Kopko, No. C.A. No. 3:09-2893-PMD, 2010 WL 430831, at *3 (D.S.C. Feb. 5, 2010) ("To the extent that Plaintiff's request for liability [for the prosecutor's alleged breach of his plea agreement] is an attempt to assert damages, [the prosecutor] is entitled to prosecutorial immunity."); Taylor v. Kavanagh, 640 F.2d 450, 453 (C.A.N.Y. Jan. 26, 1981) ("The plea negotiation is an 'essential component' of our system of criminal justice.") (quoting Santobello v. New York, 404 U.S. 257, 260 (1971)). Therefore, plaintiff's claims against Goulian are barred by the doctrine of prosecutorial immunity, and are DISMISSED without prejudice for failure to state a claim.[1]

---

[1] The court notes that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Rankin v. Cranford, No. 5:03CV99-2-V, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to Heck), aff'd, 142 Fed. App'x 166 (4th Cir. Aug. 25, 2005). Plaintiff currently is serving his sentence. His conviction or sentence has not been invalidated. Accordingly, he is unable to meet the Heck requirements.

To the extent plaintiff alleges that Wiles and Goulian conspired to violate his constitutional rights, his conclusory allegations of conspiracy are not sufficient to state such a claim. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Miller v. Demarino, No. Civ. 1:01CV183, 2002 WL 32096597, at * 3 (N.D.W. Va. Apr. 24, 2002) (finding that naked assertions of a conspiracy are not sufficient to support an action pursuant to 42 U.S.C. § 1983), aff'd, 45 F. App'x 292 (4th Cir. Sep. 10, 2002).

Finally, the court considers plaintiff's requests for declaratory and injunctive relief. Prosecutorial immunity does not protect prosecutors from suits for injunctive and/or declaratory relief. See Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 736-37 (1980) (citation omitted). However, claims for injunctive or declaratory relief that challenge the validity of a conviction or sentence are not cognizable in a civil rights case. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (applying Preiser v. Rodriquez, 411 U.S. 475 (1973), to dismiss a civil rights action for injunctive relief under Bivens that would overturn a conviction); Crump v. Morton-Smith, No. 3:10-cv-00788, 2010 WL 4719383, at * 5 (S.D.W. Va. Oct. 19, 2010) ("Voiding the plea agreement would in essence reverse Plaintiff's conviction. Plaintiff cannot seek a reversal of his conviction through a civil rights action.") Further, to the extent plaintiff seeks to pursue post-conviction relief, such relief must be sought through a motion seeking to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.[2] Based upon the foregoing, plaintiff's action is DISMISSED without prejudice.

---

[2] The court cannot convert this action into a § 2255 petition because plaintiff has previously filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Plaintiff has not shown either of these. Therefore, plaintiff has failed to satisfy the § 2255 gatekeeping provision.

4

In summary, plaintiff's motion to amend (DE # 9) is GRANTED. However, plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court dismisses this action, plaintiff's ex parte motion to appoint the marshal to serve summons and complaint (DE # 8) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of November, 2012.

LOUISE W. FLANAGAN
United States District Judge

5